**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| John Luckett,<br><br>                    Plaintiff,<br><br>vs.<br><br>Mercury Insurance Company, et al.,<br><br>                    Defendants. | Case No. 2:23-cv-00163-RFB-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 4) AND COMPLAINT (ECF NO. 1-1) |

Pro se plaintiff John Luckett filed a new application to proceed in forma pauperis and a proposed complaint ECF Nos. 14 and 1-1. I have reviewed his filing and now grant his IFP application. ECF No. 4. I dismiss plaintiff's complaint without prejudice. ECF No. 1-1.

### I.       Plaintiff's IFP Application

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." LSR 1-1 states that an in forma pauperis application, "must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

I previously denied pro se plaintiff John Luckett's previous application to proceed in forma pauperis (IFP) without prejudice because it was incomplete. ECF No. 3. Plaintiff states in his new long form IFP application that he lives on $1,195 from Social Security. ECF No. 4. Plaintiff states that he

pays $319 for rent, $300 for food, $100 for utilities, and $60 per month for transportation. *Id.* I grant his application to proceed in forma pauperis.

## II.   Plaintiff's Complaint

### a.   Legal Standard

Since I grant plaintiff's IFP application, I must review his complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must Luckett "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "[W]hen a plaintiff files an amended complaint, '[t]he

2

amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Plaintiff*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.S. § 1331. To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *Habacon v. Emerald Grande*, LLC, No. 2:19-cv-00165-MMD-PAL, 2019 U.S. Dist. LEXIS 63163, at 3-4 (D. Nev. Apr. 12, 2019).

### b.   Analysis

Plaintiff brings claims for breach of contract, bad faith, negligence, intentional infliction of emotional distress, fraud, Americans with Disabilities Act, and "defective road" against defendants Mercury Insurance Company, PHD Insurance Brokerage Inc., California Automobile Insurance Corporation, State of Nevada, State of Nevada Department of Transportation, and Does 1-50. ECF No. 1-1. Plaintiff alleges that at 3:00 AM he was in a car accident in Boulder City, Nevada. *Id*. He says that there was no lighting and there was no sign to warn him that highway 172 came to an end. *Id.* He alleges that this caused him to drive off the road into a cliff. He alleges that his car was totaled, and he was injured. *Id.* He alleges that his insurance company, defendants Mercury, PHD Insurance, and California Automobile Insurance (allegedly subsidiaries of Mercery and referred to collectively as the Mercery

defendants) paid the State of Nevada Department of Transportation almost $2,000 to fix the damaged railing but refused to pay his claim. *Id.*

He alleges that at least a year before the accident, he asked defendant Mercury to add collision insurance back to his policy. *Id.* He alleges that Mercury refused and told him they did not offer that coverage anymore. *Id.* He alleges that he told Mercury that he was disabled, and their refusal was a violation of the Americans with Disabilities Act. *Id.* He alleges that the defendants the State of Nevada and State of Nevada Department of Transportation (referred to collectively as the Nevada defendants) charged him thousands for towing his car and storing it. *Id.* He alleges that Mercury told him to subrogate his claims with the State of Nevada, but he alleges that Mercury refused to do the paperwork for him. *Id.* He alleges that the Nevada defendants had a duty of care to provide safe roads with lights and signs to warn drivers that the road would end. *Id.* He seeks hundreds of thousands of dollars in damages which includes his hospital bills and car. *Id.*

### c.   Federal Claim

#### i.   Americans with Disabilities Act

Title III of the ADA prohibits places of public accommodation from discriminating against an individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations[.]" 42 U.S.C. § 12182(a). Plaintiff's ADA claim is difficult to follow. Plaintiff does not state which portion of the ADA he relies upon. Since this is not an employment case, I assume that plaintiff intends to bring a public accommodation claim against the defendants.  He alleges that the Mercery defendant's office was closed when he wanted to renew his policy. Reading this liberally, it is not clear how this violated the ADA since the defendants were apparently able to help the plaintiff renew his policy over the phone, and the office was apparently closed to everyone (not only people with disabilities). It is also unclear how the Nevada defendants

violated the ADA. Plaintiff's ADA claim is difficult to understand, even reading it liberally. It does not comply with Rule 8 because it does not give the defendants notice of his claims. I dismiss this claim. Since this is plaintiff's only federal claim, I analyze the rest of plaintiff's claims considering the requirements of diversity jurisdiction.

### d. Complete Diversity

Diversity jurisdiction requires complete diversity, meaning the plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). A corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c). Plaintiff has a California address on the docket. Plaintiff does not allege that he is a citizen of California. Assuming that plaintiff is a citizen of California, plaintiff alleges that Mercury is a Nevada corporation, but he does not make any allegations regarding the citizenship of the other two corporate defendants: PHD Insurance Brokerage Inc. and California Automobile Insurance Corporation. Plaintiff has not plausibly alleged complete diversity of citizenship. As alleged, plaintiff has not shown that this court has diversity jurisdiction over his claims.

### i. Negligence

To prevail on a claim of negligence under Nevada law, a plaintiff must show that: (1) defendant owed him a duty; (2) defendant breached that duty; (3) defendant's conduct was the proximate cause of the breach; and (4) plaintiff suffered damages because of the breach. *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 221 P.3d 1276, 1280 (Nev. 2009).

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other states, U.S. Const. amend. XI, and by its own citizens as well[.]" *Walden v. Nev.*, 945 F.3d 1088, 1092 (9th Cir. 2019) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890)). "States can waive their Eleventh Amendment sovereign immunity from suit in state and federal court." *Id.* (citing

*Lapides v. Bd. of Regents of Univ. Sys. Of Ga.*, 535 U.S. 613, 618-21, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)). "Express waiver is not required; a state 'waive[s] its Eleventh amendment immunity by conduct that is incompatible with an intent to preserve that immunity." *In re Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002) (quoting *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 758 (9th Cir. 1999), amended by 201 F.3d 1186 (9th Cir. 2000)).

The State of Nevada has generally waived sovereign immunity for state tort actions in state court. Nev. Rev. Stat. § 41.031(1). To sue the State of Nevada or a state employee, the plaintiff must sue the State of Nevada or appropriate political subdivision. Nev. Rev. Stat. §§ 41.031, 41.0337. "In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." *Id.* § 41.031(2).

With respect cases filed in federal court, the State of Nevada has not expressly waived its immunity from suit conferred by the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3). Generally, the State of Nevada and arms of the state cannot be sued in federal court. See *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982).  While a state can waive its Eleventh Amendment immunity by removing an action from state to federal court, this is not a removed action. See *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002); *Walden v. Nevada*, 945 F.3d 1088,1092-1093 (9th Cir. 2019) ("a State that statutorily waives its immunity from suit on state-law claims in state court also waives its Eleventh Amendment immunity from suit on the same state-law claims when it voluntarily removes a state-law-claims case to federal court.").

Plaintiff may not proceed with his negligence claim against the Nevada defendants because he filed his case in federal court and the Nevada defendants are immune. Plaintiff's negligence claim against the Mercury defendants is difficult to follow, but he alleges that the Mercury defendants had a

duty to subrogate his claim with the State of Nevada. Reading his complaint liberally, plaintiff appears to mechanically goes through the elements of negligence (he alleges the Mercury defendants had a duty, breached it, that the Mercury defendants are the proximate cause, and that he is injured), plaintiff's allegations are so vague that he has not met the requirements of Rule 8. Plaintiff has not provided enough factual allegations to give the Mercury defendants notice of his negligence claim. I dismiss this claim.

### ii.  Breach of Contract

"Nevada law requires the plaintiff in a breach of contract action to show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.*" Saini v. Int'l Game Tech.*, 434 F. Supp 2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev. 1865).

Plaintiff brings breach of contract claims against all the defendants. Regarding the first factor he has not plausibly alleged that a contract existed between him and the Nevada defendants. He has plausibly alleged that a valid contract exists between him and the Mercery defendants since he alleges he had an insurance contract. He has not, however, plausibly alleged a breach: he alleges that Mercery told him they did not offer that type of coverage anymore a year before the accident and plaintiff decided to keep the policy anyway. Plaintiff has not stated a claim for breach of contract, and I dismiss this claim.

### iii.  Bad Faith

An insurer owes its insured "two general duties: the duty to defend and the duty to indemnify." *Allstate Ins. Co. v. Miller*, 125 Nev. 300, 309, 212 P.3d 318, 324 (2009). All contracts include an implied covenant of good faith and fair dealing. *Pemberton v. Farmers Ins. Exch*., 109 Nev. 789, 792-93, 858 P.2d 380, 382 (1993). This covenant imposes multiple duties on an insurer, including a duty to settle a claim within policy limits. See *Miller*, 125 Nev. at 315, 212 P.3d at 328. "A violation of [this]

covenant gives rise to a bad-faith tort claim." *Id.* at 308, 212 P.3d at 324. "Bad faith is established where the insurer acts unreasonably and with knowledge that there is no reasonable basis for its conduct." *Guar. Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 206, 912 P.2d 267, 272 (1996).

Plaintiff brings the bad faith claim against all the defendants. The Nevada defendants are not insurance companies. As analyzed above, plaintiff has also not plausibly alleged a contract claim against the Nevada defendants, so he cannot state a bad faith claim against the Nevada defendants. Regarding the Mercery defendants, the plaintiff has not plausibly alleged a bad faith claim because (1) he alleges that Mercery told him they did not offer collision coverage and (2) plaintiff accepted the policy without that coverage. According to plaintiff's allegations in the complaint, the Mercury defendants paid to fix the damaged railing from plaintiff's insurance policy and has not paid plaintiff's claims, which appears to be consistent with plaintiff's policy since he alleges that Mercury did not give him the additional coverage he asked for a year ago. Plaintiff has not plausibly alleged that the Mercury defendants acted in bad faith and I dismiss this claim.

### iv.   Intentional Infliction of Emotional Distress

A plaintiff asserting an intentional infliction of emotional distress claim in Nevada must allege: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 92 (Nev. 1981). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24, 26 (Nev. 1998) (internal quotations omitted). Plaintiff brings a claim for IIED, but he never, throughout the entire complaint, states that he has suffered emotional distress. Plaintiff only alleges that he suffered physical and financial injuries. I dismiss this claim against all the defendants.

### v.  Fraud

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three facts: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance on such false representations; and (3) damages resulting from this reliance. See *Nelson v. Heer*, 123 Nev. 217, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity" as to the "circumstances constituting [that] fraud or mistake." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations as well as the identities of the parties involved. See *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

The heightened pleading standard of Rule 9(b) serve "not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)).

Plaintiff has not alleged that any of the defendants falsely represented anything to him. For example, he alleges that the Mercury defendants told him they did not offer the type of coverage he sought, but he accepted the policy anyway. Plaintiff does not allege that the Mercury defendants misrepresented this information. Plaintiff's fraud claim is difficult to follow, and certainly does not meet the heightened pleading standard of Rule 9. I dismiss this claim.

### vi.  Defective Road

There is scarce case law regarding defective roads, but some courts have held that government

9

entities can be held accountable for defective roads. See e.g., *Murray v. Milford*, 380 F.2d 468, 470 (2d Cir. 1967)("In a defective road action against a governmental entity, liability depends upon the existence of a defect, not the underlying causes which produce it.") Plaintiff brings his defective road claim against all the defendants. I dismiss the Mercury defendants because it is nonsensical to allege that the corporate defendants here had any responsibility for the road. Even if plaintiff could bring a defective road claim in Nevada, the Nevada defendants here are immune because Nevada has not waived its immunity for claims brought in federal court.

### e. Conclusion

I dismiss plaintiff's complaint without prejudice, with leave to refile. If plaintiff chooses to amend his complaint, he must comply with Rule 8. He must allege facts that would reasonably allow each defendant to understand the link between their alleged conduct and the alleged violations of the law. Plaintiff's amended complaint must be complete in itself, without reference to the previous complaint. I also note that plaintiff is a frequent litigator in this court, and most if not all, of his prior cases have been dismissed.

ACCORDINGLY,

I ORDER that Luckett's application to proceed in forma pauperis (ECF Nos. 4) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Thursday, May 11, 2023, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  I will issue a screening order on the

amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

I CAUTION plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 11th day of April 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

11